J. R. JOHNSON AND MILTON PARK v. BRUNO DURST.

(No. 4160.)

TITLE — LEGAL NOTICE.— A patent to the heirs of the grantee of a land certificate vests in such heirs the legal title to the land unappropriated by the location upon which patent issues, and a purchaser from such heirs without notice takes title free from equities arising before location.

APPEAL from Limestone county. Opinion by DELANEY, J.

STATEMENT.— Appellee, as plaintiff below, instituted this suit May 29, 1879, against appellant, J. R. Johnson, and Melvin Herring to remove a cloud from the title to six hundred and forty acres of land situated in Donley county, Texas; to quiet appellee in his title to said land; to cancel and annul certain conveyances thereto; to enjoin defend-

27

ants below from using said conveyances as muniments of title to the land, and from attempting to dispose of or sell or otherwise incumber the land under or by virtue of the same, and "to vest the land by a decree of the court" in him.

On June 10, 1879, appellee as plaintiff below filed an amendment making appellant Park a party on the ground that a previous conveyance by him to Melvin Herring of three hundred and twenty acres of the land had been canceled, and the title thereto reconveyed to Park before the institution of the suit, and the same relief was asked against the original defendants. At the October term, 1879, defendants Johnson and Park by an amended original answer presented, among others, the following material issues, to wit: 1st. A general denial. 2d. Statute of limitations of two years, as applicable to the certificate located on the Donley county land. 3d. Statute of limitations of three years as to the land in controversy. 4th. That each of them were *bona fide* purchasers of their respective interests in the land, and had the better right and title thereto. 5th. Defendant Park submitted the issue that his vendor, S. G. McLendon, had located the land under contract with William Middleton, sole heir at law of John Middleton, deceased, who owned the original one thousand two hundred and eighty acre head-right certificate of which the six hundred and forty acres of land located in Donley county was the unlocated balance, and that said Middleton had conveyed three hundred and twenty acres of land to McLendon as the latter's locative interest, and that he (Park) was a *bona fide* purchaser from McLendon of said three hundred and twenty acres. On the same day plaintiff below filed his first supplemental petition by way of replication to defendants' amended original petition, presenting among others the following material issues, to wit: 1. A general denial. 2. That the six hundred and forty acre certificate was filed on the Donley county land on the 2d day of December, 1874, and was not, in fact,

issued from the general land office until December 28, 1874; and that neither of the defendants nor any of their vendors had possession of said certificates before the same were filed on the land in Donley county.

October 24, 1879, case came up for trial, and the plaintiff below dismissed his suit as to Melvin Herring; same was submitted to the court upon the facts and law, without the intervention of a jury. Judgment was rendered for appellee, who was plaintiff below, canceling and annulling the following conveyances, to wit: 1st. A deed from W. Middleton to S. G. McLendon for three hundred and twenty acres of the six hundred and forty acre tract in Donley county, dated June 11, 1877. 2d. Deed from S. G. McLendon to appellant Park to same three hundred and twenty acres, dated July 11, 1877. 3d. Deed from W. Middleton and wife to J. R. Johnson, dated June 21, 1877, conveying the other three hundred and twenty acres of the six hundred and forty acre tract in Donley county, and enjoining appellants from using said deeds as muniments of title, or from disposing of said lands, and for all costs of suit. Appellants gave notice of appeal, filed their appeal bond, and bring said cause to this court.

OPINION.— The judgment upon which appellant relies vested in his vendor, W. B. Middleton, title to a tract of land in Leon county, describing it by metes and bounds. It makes no mention of the certificate by virtue of which the land was located. It could have been no more effectual to vest such title than would a conveyance of the same land to W. B. Middleton by the grantee of the certificate. The most that can be said is that the judgment passed to W. B. Middleton the right to procure a patent to the land, or if that could not be done on account of the conflict, then it gave him the right to raise the certificate and locate it elsewhere.

But he did not do this. He did not file in the land office a copy of the judgment or notice that he had any interest

in the certificate. The record of his judgment in Leon county was for this purpose wholly ineffectual. Love *v.* Berry, 22 Tex., 371; Baggett *v.* McKenzie, 28 Tex., 581.

In 1874 a certificate for this unlocated balance was issued to the heirs of the grantee, and in 1877 a patent issued to these heirs for the land upon which the certificate had been located. The legal title thus vested in the heirs. Nothing but an equity remained in appellee as the vendee of W. B. Middleton. William Middleton was the sole heir of the grantee of the certificate. The patent vested in him the legal title. The title passed to appellants as innocent purchasers for value and without notice of appellee's equities. Love *v.* Berry, *supra.* For it is admitted that they had no actual notice, and there is nothing in the record to affect them with constructive notice. Their equities are equal to his, and they have the legal title. Baggett *v.* McKenzie, 28 Tex., 582.

Judgment reversed and rendered for defendants.